## Lewis v. Goodrich

*James McQuade*, for plaintiff.

*Albert W. Brobst* and *Philip M. Gorgold*, for defendant.

Lewis, J., for court en banc, February 27, 1948.— Plaintiff, R. D. Lewis, instituted eviction proceedings against defendant, Alda Goodrich, before an alderman

under the Act of March 31, 1905, P. L. 87, to recover possession of certain premises located on Mt. Airy Road, Shavertown, Pa., purportedly held by defendant on a month-to-month basis.

At the alderman's hearing, judgment was entered in favor of plaintiff. To this judgment, defendant has taken a writ of certiorari and filed four exceptions to the alderman's record as returned.

The first exception contends that the eviction proceedings against defendant tenant, Alda Goodrich, were not instituted in accordance with the provisions of section 209 of the Federal Housing and Rent Act of 1947.

The court is of the opinion that this exception is well taken. The act provides in substance that no action to recover possession can be maintained by any landlord unless the purposes for which the eviction proceedings were instituted is one which comes within the limited grounds specifically enumerated in said act.

Nowhere in the record is it disclosed that plaintiff, R. D. Lewis, complied with the applicable provisions of the aforesaid act, with reference to his reason or reasons for commencing these eviction proceedings. He merely states his desire to regain possession. Such a defect is fatal.

The second exception states that the alderman's record does not affirmatively show that written notice demanding that defendant deliver up the premises to plaintiff, as required by the Act of March 31, 1905, P. L. 87, was served upon defendant, Alda Goodrich, or upon an adult member of her family.

The Act of March 31, 1905, P. L. 87, sec. 1, provides as follows:

"Section 1. . . . That from and after the passage of this act, in all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time; and the immediate landlord

or owner of such real estate shall desire to regain possession thereof from such tenant or occupant, he shall serve upon the tenant or an adult member of his family a notice, in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises, so held, within thirty days from the date of service thereof; . . ."

Consequently, to sustain proceedings before a justice of the peace or an alderman, under the provisions of this act, for recovery of possession of premises, the landlord must show that notice to tenant was in writing.

As to the notice given in the instant case, the complaint sets forth "that the said R. D. Lewis being desirous upon the expiration of said term to have again and repossess the said premises, for that purpose did 30 days previous to such expiration demand and require of the said Alda Goodrich to remove from and leave the same".

In addition, the record discloses the finding of the alderman as follows:

"The said landlord being desirous upon the expiration of said term to have again and repossess the said premises, for that purpose did 30 days previous to such expiration *demand and require of said tenant or lessee* to remove from and leave the same." (Italics ours.)

There was evidence that the constable posted notice on the door but there is no authority under the act for such procedure. Thus, a scrutiny of the record reveals that neither the complaint nor the alderman's finding, discloses that written notice was given as required by the aforesaid act.

Defendant sets forth two additional exceptions to the alderman's record, but our conclusions as to the first and second exceptions make unnecessary any discussion of exceptions three and four.

First and second exceptions are sustained and accordingly judgment is reversed.